Filing # 52883560 E-Filed 02/23/2017 12:19:11 PM

IN THE CIRCUIT COURT OF THE SEVENTH JUDICIAL CIRCUIT
IN AND FOR ST. JOHNS COUNTY, FLORIDA

BENEDICT OLIVIER,

    Plaintiff,

v.

CASE NO.:
DIVISION:

EXPERIAN INFORMATION SOLUTIONS, INC.,
HUNTER WARFIELD, INC. and AH4R MANAGEMENT –
FL, LLC (D/B/A AMERICAN HOMES 4 RENT);

    Defendants
_____/

## COMPLAINT

COMES NOW, the Plaintiff, BENEDICT OLIVIER ("Plaintiff") by and through the undersigned counsel, hereby sues the Defendants, EXPERIAN INFORMATION SOLUTION, INC. ("EXPERIAN"), HUNTER WARFIELD, INC. ("HWI") and AH4R MANAGEMENT-FL, LLC ("AH4R"), and alleges:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff is an individual residing in St. Johns County, Florida.

2. Plaintiff brings this action for damages based upon defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. sections 1681 *et seq.* ("FCRA").

3. Experian is a company that engages in the business of maintaining and reporting consumer credit information. Its principal place of business is in the State of California. It does business in the State of Florida, in particular St. Johns County, FL.

4. Experian is a consumer reporting agency, as defined in section 1681(f) of the FCRA, regularly engaged in the business of assembling, evaluating, and dispersing information

1

concerning consumers for the purpose of furnishing consumer reports, as defined in section 1681a(d) of the FCRA, to third parties.

5. HWI is a Maryland Corporation authorized to conduct business in the state of Florida that engages in the business of revenue recovery services, also known as debt collection, in a variety of consumer and commercial contexts. It does business in the State of Florida, in particular St. Johns County, FL.

6. HWI is a furnisher of information as contemplated by FCRA section 1681s-2(a) & (b), that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer

7. AH4R is a Delaware Limited Liability Company authorized to conduct business in the State of Florida that engages in a variety of business activities related to the residential single family home rental industry. AH4R does business in the state of Florida, in particular St. Johns County, FL.

8. AH4R is a furnisher of information as contemplated by FCRA section 1681s-2(a) & (b), that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer

9. Venue is proper as the cause of action accrued in St. Johns County Florida and the Defendants engage in business in the state of Florida, in particular, St. Johns County.

10. The amount in controversy is within the jurisdiction of this Court.

### FACTUAL ALLEGATIONS

11. On or about June 2015, Plaintiff wrote a letter to Defendant Experian, as well as non-Parties Trans Union and Equifax, disputing the accuracy and credit reporting of a debt by HWI on behalf of original creditor AH4R. The disputed information was identified by partial

2

account number 6190332 in Experian's report. (Plaintiff is not in possession of an executed copy of this letter, however, upon information and belief, the Defendant Experian is.)

12. Plaintiff's dispute letter contested the accuracy of the information being reported and informed Experian that Plaintiff did not owe a consumer debt to HWI or AH4R and had not had any credit transactions with either entity.

13. Experian thereafter sent Plaintiff an updated copy of the Plaintiff's credit report and the account number in dispute had not been removed. Experian refused to make the necessary corrections to render the Plaintiff's report accurate and complete.

14. In April 2016 Plaintiff again wrote a letter to Defendant Experian disputing the reporting of the information being furnished by HWI on behalf of AH4R and providing additional information to support his dispute. Defendant HWI was also sent a copy of the letter. (A true and accurate exemplar copy is attached hereto as Exhibit "A." Upon information and belief, Defendants Experian and HWI are in possession of an executed copy of the letter)

15. On or about April 27, 2016, in response to Plaintiff's second dispute, Experian sent Plaintiff another copy of his credit report indicating that it was "updated" however, the derogatory account information from HWI was still being reported by Experian. (A copy of this document is attached hereto as Exhibit B.)

16. Experian failed to conduct a reasonable investigation into Plaintiff's dispute.

17. Experian failed to ensure the maximum possible accuracy of Plaintiff's consumer report.

18. Experian was put on actual notice that the furnisher of the information had no proof of any liquidated amount being owed to them, that the alleged debt being reported was not a

3

consumer credit transaction at all but was for alleged damages to a rental home and finally that the debt was settled with the original creditor Experian continued to report the delinquency.

19. On or about July 2015 Experian allowed HWI to access Plaintiff's consumer report with no permissible purpose and HWI did in fact access Plaintiff's consumer report with no permissible purpose.

20. Finally, on or about July 2016, more than a year after the Plaintiff first began disputing the Account, Experian removed the negative account entry from HWI.

21. In the intervening period Plaintiff suffered actual damages including denials of credit, loss of use of credit, derogatory credit, loss of ability to purchase a home and humiliation.

### Count I

### (Violation of the Fair Credit-Reporting Act as to All Defendants)

22. Plaintiff re-alleges the allegations contained in paragraphs 1 through 21 above as if fully set forth herein.

23. This is a cause of action pursuant to the Federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C.A. §§ 1681 et seq. for noncompliance by Defendants with the provisions of the FCRA.

24. Plaintiff is a consumer as this term is defined by 15 U.S.C.A. §§ 1681a(c) of the FCRA.

25. All Defendants are "persons" as defined by 15 U.S.C.A. §§ 1681a (b) of the FCRA.

26. Plaintiff has complied with all request of Defendants, and each of them willfully or negligently violated the provisions of the FCRA in at least the following respects:

> By willfully or negligently failing, in the preparation of the consumer report concerning Plaintiff, to follow reasonable procedures to assure maximum possible accuracy of the information in the report;

By willfully or negligently furnishing to Plaintiff's potential creditors information about the Plaintiff that Defendants knew, or should have known, was incomplete or inaccurate;

By willfully or negligently failing to correct and/or delete the incomplete and inaccurate information in Plaintiff's file after conducting an investigation.

By willfully or negligently failing to conduct an adequate investigation or reinvestigation of Plaintiff's complaints and failing to provide corrective actions once the outcome of the investigation were known or should have been known to Defendants.

By willfully or negligently failing to have proper procedures in place that would delete or correct inaccurate credit reporting.

By willfully or negligently accessing, or allowing access, to Plaintiff's consumer report without a permissible purpose as defined by the FCRA.

27. Pursuant to 15 U.S.C.A. §§ 1681, Defendants have an obligation to reinvestigate disputed negative credit information, and to promptly delete such information when it is established that it should be removed.

28. The Plaintiff provided Defendants with notice of inaccurate references that should be deleted.

29. Defendants willfully continued to report the false information.

30. Plaintiff have been damaged in an amount in excess of the minimum jurisdictional limit of this court, which will be proven at the time of trial.

31. As provided under FCRA, Plaintiff is entitled to actual damages, loss of wages, damages to credit reputation and creditworthiness, pain and suffering, statutory penalties, punitive damages, costs and attorney's fees.

**WHEREFORE**, Plaintiff hereby respectfully request this Court enter Judgment in favor of the Plaintiff, awarding Plaintiff damages, awarding Plaintiff attorney fees and costs, and granting such other relief which the Court deems just and proper.

5

## JURY TRIAL

With regard to the above causes of action, Plaintiff respectfully requests a trial by jury on all issues so triable.

Pycraft Law, LLC

2825 Lewis Speedway, #107
St. Augustine, Florida 32084
Phone: (904) 940-0060
Fax: (866) 656-3282
Email for service: Service@PycraftLaw.com

BY: _____
Thomas R. Pycraft, Jr.
Florida Bar Number 70366
tom@pycraftlaw.com
John J. Spence
Florida Bar Number: 70724
jack@pycraftlaw.com
Michael J. Pelkowski
Florida Bar No. 62232
mike@pycraftlaw.com
David D. Naples
Florida Bar No. 99064
dave@pycraftlaw.com

AND

*/s/ Adam C. Thoresen*
Adam C. Thoresen #57675
Jacksonville Area Legal Aid, Inc.
126 W. Adams St.
Jacksonville, FL 32202
904-827-9921x202
**Designated Service Email:**
**adam.thoresen@jaxlegalaid.org**

6